1  REBECCA R. WEINREICH, SB# 155684
   E-Mail: Weinreich@lbbslaw.com
2  JORDON E. HARRIMAN, SB# 117150
   E-Mail: harriman@lbbslaw.com
3  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   221 North Figueroa Street, Suite 1200
4  Los Angeles, California 90012
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  Attorneys for AMERICAN
   INTERNATIONAL SPECIALTY LINES
7  INSURANCE COMPANY n/k/a/
   CHRATIS SPECIALTY INSURANCE
8  COMPANY

FILED 2009 NOV 24 AM 11:39 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TAYLOR MORRISON, INC., f/k/a Taylor Woodrow, Inc., a Delaware corporation; TAYLOR MORRISON SERVICES, INC., f/k/a Morrison Homes, Inc., a Delaware corporation; and TAYLOR WOODROW COMMUNITIES AT VASARI, L.L.C., a Florida limited liability company,

    Plaintiffs,
v.

AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, an Illinois corporation,

    Defendant.

CASE NO. CV09 08651 FMC PLAx

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C., § 1441(b) -DIVERSITY

To the Clerk of the above-entitled Court:

Please take NOTICE that under 28 U.S.C. § 1441(b), defendant American International Specialty Lines Insurance Company n/k/a Chartis Specialty Insurance Company (Chartis) removes to this Court the State Court action described below based on jurisdiction under 28 U.S.C. § 1332.

1. In August 2009, plaintiffs filed an action in the Superior Court of the State of California in and for the County of Los Angeles entitled Taylor Morrison, Inc. v. American International Specialty Lines Insurance Company. Plaintiffs did not serve

4832-0501-4277.1

NOTICE OF REMOVAL

1. the original complaint and subsequently filed a First Amended Complaint on October 28, 2000. A copy of the Summons and First Amended Complaint is attached as Exhibit A.

2. Chartis first received notice of the action and a copy of the First Amended Complaint on October 28, 2009, when Chartis was served with the First Amended Complaint and Summons through its registered agent in California. Chartis is filing this Notice of Removal within thirty days after receiving the complaint and summons. Accordingly, the notice is timely under 28 U.S.C. § 1446(b).

3. Chartis is informed and believes that at the time the action was filed, plaintiff Taylor Morrison, Inc. was and still is a Delaware corporation with its principal place of business in Scottsdale, Arizona.

4. Chartis is informed and believes that at the time the action was filed, plaintiff Taylor Morrison Services, Inc. was and still is a Delaware corporation with its principal place of business in Scottsdale, Arizona.

5. Chartis is informed and believes that at the time the action was filed plaintiff Taylor Woodrow Communities at Vasari, L.L.C. was and still is a Florida limited liability company with its principal place of business in Tampa, Florida.

6. At the time the action was filed, Chartis was and still is an Illinois corporation with its principal place of business in Chicago, Illinois.

7. Chartis may remove the action under 28 U.S.C. § 1441(b) because the Court has original jurisdiction over this action under 28 U.S.C. §1332. The action is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiffs seek a declaration that Chartis has coverage obligations under insurance policies in excess of $75,000.

///
///

4832-0501-4277.1                           2
NOTICE OF REMOVAL

WHEREFORE, Chartis files this Notice of Removal of this action from the Superior Court, in which it is now pending, to the Central District Court of California, Central Division, California

DATED: November 23, 2009     Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Rebecca R. Weinreich
Jordon E. Harriman
Attorneys for AMERICAN INTERNATIONAL SPECALTY LINES INSRUANCE COMPANY7 n/k/a/ CHRATIS SPECIALTY INSURANCE COMPANY



4832-0501-4277.1

3

# EXHIBIT A

4830-5495-4496.3

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, an Illinois corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TAYLOR MORRISON, INC., f/k/a Taylor Woodrow, Inc., a Delaware corporation, et al.; TAYLOR MORRISON SERVICES, INC. f/k/a MORRISON HOMES, INC. a Delaware corporation; and TAYLOR WOODROW COMMUNITIES AT VASARI, LLC, a Florida limited liability company

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 31 2009

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DAWN ALEXANDER

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California
County of Los Angeles - Civil Division
111 North Hill St.
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
BC420870

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeffrey D. Masters, Esq. (SB No.: 94122)    Patrick M. McGovern, Esq. (SB No.: 208977)
Cox Castle & Nicholson, LLP
2049 Century Park East, 28th Floor, Los Angeles, California 90067    P: (310) 277-4222    F: (310) 277-7889

DATE:    JOHN A. CLARKE, CLERK    Clerk,    DAWN ALEXANDER    , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]    AUG 31 2009

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

4

FILED
Los Angeles Superior Court

OCT 27 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
   SHAUNYA WESLEY

COX, CASTLE & NICHOLSON LLP
Jeffrey D. Masters (STATE BAR NO. 94122)
Patrick M. McGovern (STATE BAR NO. 208977)
2049 Century Park East, 28th Floor
Los Angeles, CA 90067-3284
Telephone: (310) 277-4222
Facsimile: (310) 277-7889

Attorneys for Plaintiffs Taylor Morrison, Inc., f/k/a Taylor Woodrow, Inc.; Taylor Morrison Services, Inc., f/k/a Morrison Homes, Inc.; and Taylor Woodrow Communities at Vasari, L.L.C.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| TAYLOR MORRISON, INC., f/k/a Taylor Woodrow, Inc., a Delaware corporation; TAYLOR MORRISON SERVICES, INC., f/k/a Morrison Homes, Inc., a Delaware corporation; and TAYLOR WOODROW COMMUNITIES AT VASARI, L.L.C., a Florida limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, an Illinois corporation, <br><br> Defendant. | **DEMAND FOR JURY TRIAL** <br><br> CASE NO. BC420870 <br><br> Hon. Elizabeth Allen White <br><br> **FIRST AMENDED COMPLAINT FOR:** <br><br> **DECLARATORY RELIEF (Duty To Indemnify)** <br><br> **DEPT. 48** |

Plaintiffs Taylor Morrison, Inc., f/k/a Taylor Woodrow, Inc., Taylor Morrison Services, Inc., f/k/a Morrison Homes, Inc., and Taylor Woodrow Communities at Vasari, L.L.C., allege as follows:

### *Nature Of The Action*

1. This is an insurance coverage action in which the plaintiffs seek declaratory relief as to the obligation of the defendant insurance company to pay those sums that the plaintiffs have or may become legally obligated to pay as damages by reason of liability imposed by law

1  because of bodily injury and property damage allegedly resulting from the importation and use of
2  allegedly defective Chinese drywall products at multiple residential construction projects developed
3  by the plaintiffs. Plaintiffs seek a declaratory judgment, pursuant to California Code of Civil
4  Procedure §1060, as to their rights under the insurance policies in question, in accordance with the
5  contractual provisions of those policies, insuring obligations implied or imposed by law, and
6  plaintiffs' reasonable expectations.

### *The Parties and Jurisdiction*

8      2.    Plaintiff Taylor Morrison, Inc., is a corporation organized under the laws of the
9  State of Delaware with its principal place of business in the State of Arizona, and is presently doing
10 business in the State of California. Taylor Morrison, Inc. was formerly known as Taylor Woodrow,
11 Inc.

12     3.    Plaintiff Taylor Morrison Services, Inc., is a corporation organized under the
13 laws of the State of Delaware with its principal of business in the State of Arizona and is presently
14 doing business in the State of California. Taylor Morrison Services, Inc., was formerly known as
15 Morrison Homes, Inc.

16     4.    Plaintiff Taylor Woodrow Communities at Vasari, L.L.C., is a Florida limited
17 liability company with its principal place of business in the State of Florida.

18     5.    Plaintiffs Taylor Morrison, Inc., Taylor Morrison Services, Inc. and Taylor
19 Woodrow Communities at Vasari, L.L.C. are hereafter referred to collectively as "plaintiffs" or
20 "Taylor Morrison."

21     6.    Defendant American International Specialty Lines Insurance Company
22 ("AISLIC"), is a corporation organized under the laws of the State of Illinois. Plaintiffs are informed
23 and believe that AISLIC has its principal place of business in the State of Illinois. At all relevant
24 times, defendant AISLIC was authorized and licensed to do and was doing business in the State of
25 California.

26     7.    The insurance policies issued by AISLIC that are the subject of this action
27 provide that AISLIC will submit to the jurisdiction of any court of competent jurisdiction within the
28 United States.

*The AISLIC Insurance Policies*

8. Plaintiffs purchased commercial umbrella liability insurance policies from AISLIC with the policy numbers and for the policy periods set forth below:

| Policy Number | Policy Period |
|---|---|
| 9746096 | March 1, 2005 – March 1, 2006 |
| 7412123 | March 1, 2006 – March 1, 2007 |
| 7412254 | March 1, 2007 – March 1, 2008 |
| 7412431 | March 1, 2008 – March 1, 2009 |

The aforementioned insurance policies are hereafter referred to as the "Policies". Copies of the Policies will be lodged with the Court.

9. Taylor Morrison, Inc. is the First Named Insured on the Policies. Taylor Morrison Services, Inc. is a Named Insured on the 2008-2009 Policy. Taylor Woodrow Communities at Vasari, L.L.C. is a Named Insured on the Policies.

10. The Policies provide coverage for those sums in excess of the self-insured retention that the insureds become legally obligated to pay as damages by reason of liability imposed by law because of (*inter alia*) bodily injury or property damage to which the insurance applies.

11. The Limit of Insurance under each Policy is $25,000,000 "Each Occurrence." The Policies define "occurrence" in pertinent part as follows:

> "[A]n accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results in Bodily Injury or Property Damage neither expected nor intended from the standpoint of any Insured."

*The Chinese Drywall Claims*

12. The owners of certain homes developed by Taylor Morrison ("Homeowners") have made claims against Taylor Morrison, alleging that the Chinese drywall installed in their homes by subcontractors on behalf of Taylor Morrison is defective and has resulted in alleged bodily injury and property damage to their homes and other property contained therein (the "Chinese Drywall Claims").

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

60111\1409625v3

COMPLAINT FOR DECLARATORY RELIEF

7

13. Certain Homeowners have sued Taylor Morrison in relation to their Chinese Drywall Claims, in three underlying actions. The three underlying actions are (1) *Kristin Culliton, et al. v. Taylor Morrison Services, Inc., et al.*, United States District Court for the Middle District of Florida, Case No. 8:09-589 (a purported class action) (the "*Culliton Action*"); (2) *Karin Vickers, et al. v. Knauf Gips KG, et al.*, United States District Court for the Southern District of Florida, Case No. 09-20510-CIV-KMM (a purported class action) (the "*Vickers Action*"); and (3) *Larry Galvin, et al. v. Knauf Gips KG, et al.*, United States District Court for the Southern District of Florida, Case No. 09-20847-CIV-KMM (the "*Galvin Action*") (collectively referred to hereafter as the "Underlying Actions").

14. The three Underlying Actions have been consolidated for pretrial purposes in a multidistrict litigation proceeding pursuant to 28 U.S.C. § 1407, and transferred to the Eastern District of Louisiana under MDL No. 2047, *In Re: Chinese-Manufactured Drywall Products Liability Litigation*.

### *AISLIC'S Failure to Provide Insurance Coverage*

15. Taylor Morrison timely notified AISLIC of the Chinese Drywall Claims and the Underlying Actions and tendered them to AISLIC for indemnity. AISLIC acknowledged receipt of the notices and tenders, but has failed to acknowledge coverage for the Chinese Drywall Claims and failed to acknowledge its obligation to indemnify Taylor Morrison.

16. Taylor Morrison has demanded that defendant AISLIC acknowledge, accept and undertake its contractual obligations to plaintiffs as set forth in the Policies. Defendant AISLIC has to date nonetheless failed and refused to acknowledge its obligations to Taylor Morrison.

### **FIRST CAUSE OF ACTION**

### **DECLARATORY RELIEF – DUTY TO INDEMNIFY**

17. Plaintiffs re-allege paragraphs 1 through 16 of this First Amended Complaint as if fully set forth herein.

18. Plaintiffs have demanded that defendant AISLIC acknowledge its coverage obligations and indemnify plaintiffs as to their losses arising out of the Underlying Actions and the Chinese Drywall Claims. Defendant AISLIC has to date refused to acknowledge its coverage

1  obligations and has to date refused to and failed to indemnify plaintiffs for the losses they have
2  incurred and will incur as a result of the Underlying Actions and the Chinese Drywall Claims.

3        19.    An actual controversy has arisen and now exists between plaintiffs, on the one
4  hand, and defendant AISLIC, on the other hand, with regard to defendant AISLIC's obligations to
5  plaintiffs. Plaintiffs contend, and are informed and believe and thereupon allege, that defendant
6  AISLIC denies that defendant AISLIC is obligated to indemnify plaintiffs in connection with the
7  Underlying Actions and as to the losses plaintiffs have incurred and will incur as a result of the
8  Chinese Drywall Claims.

9        20.    Plaintiffs desire a judicial determination and declaration of the parties'
10 respective rights and duties under the Policies, and specifically a judicial determination and
11 declaration that AISLIC is obligated to indemnify plaintiffs.

12       21.    A judicial declaration of the rights, duties and obligations of the parties is
13 necessary and appropriate at this time in that plaintiffs have no plain, speedy or adequate remedy at
14 law, and a judicial determination and declaration of rights herein will avoid a multiplicity of actions.

15 **PRAYER FOR RELIEF**

16 WHEREFORE, plaintiffs Taylor Morrison, Inc. Taylor Morrison Services, Inc. and Taylor
17 Woodrow Communities at Vasari, L.L.C. pray for judgment against defendant American International
18 Specialty Lines Insurance Company as follows:

19     A.    As to the First Cause of Action for Declaratory Relief (Duty to Indemnify), for a
20 judicial determination of the rights and obligations of the parties under the Policies with respect to
21 plaintiffs' claims; and

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

60111\1409625v3

COMPLAINT FOR DECLARATORY RELIEF

9

B.   As to the First Cause of Action

    1.   For costs of suit herein; and

    2.   For such other and further relief as the Court may deem just and proper.

DATED: October 26, 2009            COX, CASTLE & NICHOLSON LLP

By: */s/ Jeffrey D. Masters*
Jeffrey D. Masters
Patrick M. McGovern
Attorneys for Plaintiffs Taylor Morrison, Inc., Taylor Morrison Services, Inc. and Taylor Woodrow Communities at Vasari, L.L.C.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

60111\1409625v3

COMPLAINT FOR DECLARATORY RELIEF

10

## DEMAND FOR JURY TRIAL

Plaintiffs Taylor Morrison, Inc., Taylor Morrison Services, Inc. and Taylor Woodrow Communities at Vasari, L.L.C., hereby demand a trial by jury on all issues so triable.

DATED: October 26, 2009

COX, CASTLE & NICHOLSON LLP

By: _____
Jeffrey D. Masters
Patrick M. McGovern
Attorneys for Plaintiffs Taylor Morrison, Inc.,
Taylor Morrison Services, Inc., and Taylor
Woodrow Communities At Vasari, L.L.C.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Florence-Marie Cooper and the assigned discovery Magistrate Judge is Paul L. Abrams.

The case number on all documents filed with the Court should read as follows:

### CV09- 8651 FMC (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
TAYLOR MORRISON, INC., et al.

**DEFENDANTS**
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE CO.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Rebecca R. Weinreich SB#155684
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 N. Figueroa Street
Suite 1200
Los Angeles, CA 90012
213.250.1800

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. section 1441(b) and 28 U.S.C. section 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **CV09 08651**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2
     CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
[ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)
(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | State of Delaware and State of Florida |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | State of Illinois |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date November 24, 2009
REBECCA R. WEINREICH

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |